IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EILEEN M.[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Civ. No. 3:24-cv-01309-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

    Plaintiff Eileen M. seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for disability insurance benefits and supplemental security income. Full consent to magistrate judge jurisdiction was entered on August 9, 2024 (ECF No. 1). For the reasons provided below, the Commissioner's decision is AFFRIMED.

## BACKGROUND

    On April 8, 2019, Plaintiff protectively filed applications for disability insurance benefits and supplemental security income alleging disability beginning on January 1, 2017, when she was 38 years old. Tr. 426-27, 439. These claims were denied initially and on reconsideration. Tr. 117-21, 123-28, 131-36, 137-43. Plaintiff requested a hearing before an administrative law judge and appeared before ALJ Eva Chan on May 3, 2023. Tr. 14-45. Plaintiff, represented by a non-

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

1 - Opinion and Order

attorney representative, and a vocational expert testified at the hearing. Tr. 14-45. The ALJ found Plaintiff not disabled in a written decision issued September 28, 2023. Tr. 88-105. The Appeals Council denied review on June 5, 2024, making the ALJ's decision the final agency decision. Tr. 1-6. This action followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

   a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled.

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the

3 - Opinion and Order

Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the above analysis, the ALJ made the following findings:

1. Plaintiff has not engaged in substantial gainful activity during the period from her alleged onset date of January 1, 2017. Tr. 94.

2. Plaintiff has the following severe impairments: type II diabetes mellitus with diabetic nephropathy and polyneuropathy and cervical degenerative disc disease. Tr. 94.

3. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Tr. 97.

4. Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) with the following additional limitations: she can occasionally climb ramps and stairs; she should never climb ladders, ropes, or scaffolds; she can occasionally balance, crouch, stoop, kneel, and crawl; she cannot work around workplace hazards, such as moving machinery or unguarded heights; she is limited to frequent overhead reaching with her bilateral extremities; she can frequently handle, finger, and feel with her bilateral upper extremities. Tr. 98.

5. Plaintiff can perform past relevant work as a cashier/checker (DOT 211.462-014, light, SVP 3) as actually performed. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. 404.1565 and 416.965).

6. Plaintiff was born on April 19, 1978, and was 38 years old, which is defined as a younger individual, age 18-49, on the alleged disability onset date. Tr. 104.

7. Considering Plaintiff's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy, such as: mail clerk (DOT 209.687-026, light, SVP 2), with 11,000 jobs in the national economy; fundraiser II (DOT 293.357-014, light, SVP 2), with 39,000 jobs in the national economy; and sub assembler (DOT 729.684-054, light, SVP 2), with 13,000 jobs in the national economy. Tr. 104-05.

8. Plaintiff has not been under a disability, as defined in the Social Security Act, from January 1, 2017, the alleged onset date, through the date of this decision (20 C.F.R. 404.1520(f) and 416.920(f)). Tr. 105.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

If the decision of the Appeals Council is the final decision of the Commissioner, this Court must review the decision of the Appeals Council to determine whether that decision is supported by substantial evidence. *Howard v. Heckler*, 782 F.2d 1484 (9th Cir. 1986). Where the evidence before the ALJ or Appeals Council is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a

reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse the Commissioner's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff presents the following issue for review:

1. Whether the ALJ erred by improperly rejecting the opinion of the consultative examiner.

For the following reasons, the Court finds that the ALJ identified substantial evidence in support of her evaluation of the consultative examiner's medical opinion. The Commissioner's decision is AFFIRMED.

### I.    Medical Opinion Evidence

When evaluating medical opinion evidence for claims filed on or after March 27, 2017, ALJs must apply 20 C.F.R. § 404.1520c for Title II claims and 20 C.F.R. § 416.920c for Title XVI claims. Under these regulations, ALJs no longer "weigh" medical opinions, but rather determine which are most "persuasive." 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). To that

end, controlling weight is no longer given to any medical opinion. *Revisions to Rules*, 82 Fed. Reg. at 5867-68; *see also* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the Commissioner evaluates the persuasiveness of medical opinions based on (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(a), (c)(1)-(5), 416.920c(a), (c)(1)-(5).

The factors of "supportability" and "consistency" are considered to be "the most important factors" in the evaluation process. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant . . . objective medical evidence." *Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)). Consistency means the extent to which a medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim." *Id.* (citing 20 C.F.R. § 404.1520c(c)(2)). In evaluating the "supportability" and "consistency" of a medical opinion, the ALJ is not required to articulate how each individual medical opinion was considered. For example, where a single medical source provides more than one medical opinion, the ALJ will generally address the source's medical opinions together in a single analysis. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

An ALJ must articulate how persuasive the ALJ finds the medical opinions and explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b); *see Tyrone W. v. Saul*, No. 3:19-CV-01719-IM, 2020 WL 6363839, at *7 (D. Or. Oct. 28, 2020). "The ALJ may but is not required to explain how other factors were considered, as appropriate, including relationship with the claimant (length, purpose, and extent

of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements." *Linda F. v. Comm'r Soc. Sec. Admin.*, No. C20-5076-MAT, 2020 WL 6544628, at *2 (W.D. Wash. Nov. 6, 2020). However, ALJs are required to explain "how they considered other secondary medical factors [if] they find that two or more medical opinions about the same issue are equally supported and consistent with the record but not identical." *Tyrone W.*, 2020 WL 6363839, at *6 (citing 20 C.F.R. §§ 404.1520c(b)(2) and 404.1520c(b)(3)).

Furthermore, the court must continue to consider whether the ALJ's decision is supported by substantial evidence. *See Revisions to Rules*, 82 Fed. Reg. at 5852 ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision."); *see also* 42 U.S.C. § 405(g).

Courtney Craigan, NP, performed a disability consultative examination at the ALJ's request in June 2023. Tr. 42-43, 1530-45. After noting Plaintiff's chief complaints: "1. Diabetes Type 1 With Blurred Vision[,] 2. Fatigue[,] 3. Headaches[,] 4. Fibromyalgia With Nerve[,] 5. Muscle And Joint Pain[,] 6. Constipation And Nausea[,] 7. Heart Attack With Chest Pain And Pressure[,] 8. Anxiety[,] 9. Depression[,] 10. Insomnia," Ms. Craigan documented Plaintiff's history of present illness, activities of daily living, and conducted a physical examination of Plaintiff. Tr. 1530-31. During the physical examination, Ms. Craigan noted no muscle spasm or malalignment in the back, no instability in the extremities, a decreased range of motion in Plaintiff's bilateral shoulders, and normal and symmetric muscle bulk and tone throughout. *Id.*

During her neuromuscular strength assessment of Plaintiff, Ms. Craigan documented Plaintiff had normal, 5/5, strength in her deltoids, biceps, triceps, wrist flexion, wrist extension, finger abduction, hand grip, hip flexion, hip extension, hip abduction, hip adduction, leg flexion, leg extension, ankle dorsiflexion, and ankle plantar flexion. Tr. 1532. Plaintiff's range of motion of the cervical spine, lumbar spine, elbows, wrists, hands, hips, knees, ankles, and great toe were all "within normal limits," but plaintiff's bilateral shoulders had a reduced range of motion. Tr. 1533-35. Ms. Craigan proceeded to document Plaintiff's functional limitations and concluded Plaintiff could: occasionally lift up to 10 pounds but never carry any weights; stand for five minutes and walk for one minute without interruption; sit for one hour without interruption; and sit for six hours, stand for two hours, and walk for one hour in an eight-hour work day. Tr. 1536-37. Ms. Craigan further identified Plaintiff needs a cane to ambulate, can never reach overhead but can occasionally reach all other directions, and Plaintiff can frequently handle and finger. Tr. 1537-38.

Concerning environmental and activity limitations, Ms. Craigan opined Plaintiff can perform activities like shopping, use standard public transportation, prepare a simple meal and feed herself, and care for her personal hygiene. Tr. 1541. She concluded Plaintiff cannot travel without a companion for assistance, walk a block at a reasonable pace on rough or uneven surfaces, climb a few steps at a reasonable pace with the use of a single hand rail, sort, handle, or use paper/files, and would require a quiet environment. Tr. 1540-41. For both sections of environmental and activity limitations, Ms. Craigan wrote nothing when prompted to "[i]dentify the particular medical or clinical findings (i.e., physical exam findings, x-ray findings, laboratory test results, history, and symptoms including pain, etc.) which support [her] assessment or any limitations and why the findings support the assessment." Tr. 1540-41.

The ALJ rejected Ms. Craigan, NP's, opinion as unpersuasive. Tr. 102. The ALJ reasoned that Ms. Craigan's opinion was not supported by her own examination. *Id.* The ALJ further concluded that Ms. Craigan's opinions were inconsistent with the medical record. Tr. 103.

Regarding "supportability," the ALJ adequately discussed how Ms. Craigan's "extremely over restrictive assessment" of Plaintiff's functioning is unsupported by Ms. Craigan's own examination and comments. Tr. 102-03. The supportability factor requires ALJs to consider the persuasiveness of a medical opinion based on how "relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion." 20 C.F.R. § 404.1520c(c)(1). Here, the ALJ reasonably explained that Ms. Craigan's opinion that Plaintiff cannot travel without assistance, walk a block at a reasonable pace on rough or uneven surfaces, climb a few steps at a reasonable pace with the use of a single hand rail, sort, handle, or use paper/files, and would require a quiet environment is at odds with Ms. Craigan's opinion that Plaintiff can perform activities like shopping, use standard public transportation, prepare a simple meal and feed herself, and care for her personal hygiene. The restrictive limitations opined by Ms. Craigan are also unsupported by her own clinical observations during the exam, including full 5/5 motor strength throughout, normal range of motion throughout her body, except for her shoulders, and normal bulk and tone throughout. The ALJ's determination that Ms. Craigan's unduly restrictive opinion was not supported by her own findings is rational and fully complies with the requirements of 20 C.F.R. § 404.1520c(c)(1).

The ALJ also adequately discussed the consistency of Ms. Craigan's opinion when finding it unpersuasive. The consistency factor requires the ALJ to assess a medical opinion's alignment with "evidence from other medical sources and nonmedical sources in the claim." 20

10 - Opinion and Order

C.F.R. § 404.1520c(c)(2). The ALJ found Ms. Craigan's opinion conflicted with "the longitudinal treatment records, as summarized above" and "the observations of medical professionals during examinations of the claimant." Tr. 103.

The ALJ cited to several medical records from the relevant dates to show inconsistency with Ms. Craigan's opinion such as a December 2017 examination in which Plaintiff exhibited a "normal strength, tone and symmetric bulk," an exam in March 2018 in which Plaintiff had "normal range of motion," an exam in May 2019 in which Plaintiff was diagnosed with an ankle sprain but was otherwise assessed within normal limits, a follow-up in June 2019 to address her foot issue where she again exhibited "full range of motion of the back, with no swelling or deformity or pain with active range of motion," and "[s]he had full range of motion of the extremities," a July 2019 examination in which Plaintiff presented with "full range of motion of the back" and "full range of motion of the extremities," a December 2019 examination in which Plaintiff exhibited "normal range of motion" and strength of all extremities, and an exam in February 2023 in which Plaintiff was "objectively observed to move all extremities equally and coordinated." Tr. 100-01 (citing Tr. 858, 752, 1061-64, 1088-91, 1159, 1235, 1468).

Furthermore, the ALJ cited to multiple instances during the dates at issue when Plaintiff "was noted to have a steady or normal gait," inconsistent with the "significant dysfunction" reported by Ms. Craigan. Tr. 103 (citing Tr. 635, 839, 869, 889, 895, 1050, 1091, 1128, 1165, 1177, 1235, 1269, 1295, 1339, 1389, 1394, 1398). The ALJ thus reasonably determined that, "[b]ecause this one-time snapshot assessment of the claimant's functioning is inconsistent with the longitudinal evidence of record, it is not persuasive." Tr. 103.

Finally, Plaintiff's specific arguments that the ALJ improperly failed to discuss how Ms. Craigan's suggested limitations of "occasional reaching and quiet noise are inconsistent" are

11 - Opinion and Order

unavailing for three reasons. Pl. Br. at 6. First, ALJ's are not required to articulate how each individual medical opinion provided was considered, but generally address the source's medical opinions together in one analysis. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

Second, the ALJ addressed the inconsistency of Ms. Craigan's limitation of occasional reaching by citing to the instances Plaintiff exhibited normal range of motion and use of extremities in her medical record. Tr. 100-03. Third, while an ALJ may not ignore "significant probative evidence," she may reject unsupported and unexplained check-box opinions[2] such as Ms. Craigan's assessment that Plaintiff requires a "quiet environment." Tr. 1540; *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1193 (9th Cir. 2022); *see Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (finding no error when the Secretary ignored evidence that was neither significant nor probative); *see also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

Ultimately, the Court finds that the ALJ sufficiently addressed the consistency and supportability factors and supported the decision to discount Ms. Craigan's opinions with substantial evidence.

//

//

//

//

---

[2] Occasionally, the opinions expressed in a check-box form are "based on significant experience with [the claimant] and supported by numerous records, and were therefore entitled to weight that an otherwise unsupported and unexplained check-box form would not merit." *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014). Here, however, the ALJ noted Ms. Craigan was Plaintiff's "one time examiner." Tr. 103 (citing Tr. 1530).

12 - Opinion and Order

## ORDER

The ALJ properly evaluated the consultative examiner's opinion. For the reasons set forth above, the decision of the Commissioner is AFFIRMED.

It is so ORDERED and DATED this \_1\_ day of May, 2025.

_____
MARK D. CLARKE
United States Magistrate Judge